UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SHAHID B. YUSUF,

   Plaintiff,

v.

ABILITY RECOVERY SERVICES LLC,
   Defendant.

Case No.4:21-cv-02175

## COMPLAINT

**NOW COMES** SHAHID B. YUSUF, through his undersigned counsel, complaining of ABILIRT RECOVERY SERVICES LLC, as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. SHAHID B. YUSUF ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Houston, Texas.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. ABILITY RECOVERY SERVICES LLC ("Defendant") is a limited liability company organized and existing under the laws of Rhode Island.

7. Defendant maintains its principal place of business in Pennsylvania.

1

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another.

**FACTUAL ALLEGATIONS**

9. Plaintiff incurred a debt to Ashworth College in the amount of $336.50 ("subject debt").

10. Due to financial difficulties, Plaintiff missed payments and his account fell into default status.

11. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

12. The subject debt was eventually placed with Defendant for collection.

13. On or around September 29, 2020, Defendant mailed Plaintiff a letter in an attempt to collect the subject debt ("Defendant's Letter").

14. Upon information and belief, Defendant's Letter was prepared and issued by a third-party vendor that Defendant hired for the sole purpose of preparing and issuing collection letters.

15. Specifically, Defendant's Letter referenced a bar code that suggests a third-party vendor uses that for sorting purposes.

16. Upon information and belief, the bar code and/or QR code belongs to the third-party vendor that prepared and mailed Defendant's Letter.

17. Furthermore, Defendant's Letter shows that it was sent from PO BOX 505, Linden, MI 48451-0505.

18. Upon information and belief, this POX Box does not belong to Defendant.

19. By hiring a third-party vendor to issue Defendant's Letter, Defendant unlawfully disclosed to the third party that Plaintiff allegedly owed the subject debt.

20. This information was regarding Plaintiff and the subject debt, including the fact that Plaintiff allegedly owed the subject debt.

21. Upon information and belief, the third-party vendor then completed and populated information provided by Defendant into a template letter that was then delivered to Plaintiff (Defendant's Letter).

22. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to *any person* through any medium." (emphasis added).

23. Accordingly, the information sent from Defendant to the unknown third-party vendor was a "communication" as defined by the FDCPA.

24. Defendant's communication to the unknown third-party vendor was in connection with the collection of a debt since the information was sent in an effort to facilitate collection of the subject debt.

25. Plaintiff did not authorize Defendant to communicate with the third-party vendor regarding the subject debt.

26. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

"Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (emphasis added).

27. The third-party vendor used by Defendant to facilitate the collection of the subject debt does not fall within any of the exceptions prescribed by 15 U.S.C. § 1692c(b).

**DAMAGES**

28. Defendant's unlawful dissemination of highly personal information regarding Plaintiff's financial affairs invaded Plaintiff's privacy and violated the rights afforded to the Plaintiff by the FDCPA.

29. Upon information and belief, Defendant utilizes third-party vendors to prepare and issue collection letters in an effort to reduce overhead costs and increase profits.

30. Defendant's conscious decision to use third-party vendors demonstrates that it prioritizes its economic interests over the privacy rights afforded to consumers by the FDCPA.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

31. Plaintiff adopts and incorporates all paragraphs as fully stated herein.

32. Defendant violated 15 U.S.C. § 1692c(b) by unlawfully disclosing that Plaintiff owed the subject debt to its third-party vendor.

33. As set forth above, Plaintiff's privacy rights were violated by Defendant's unlawful disclosure of information pertaining to the subject debt to a prohibited third party.

**WHEREFORE**, Plaintiff, SHAHID B. YUSUF, requests the following relief:

    A.    a finding that Defendant violated 15 U.S.C. §§ 1692c(b);

    B.    an award of any actual damages sustained by Plaintiff as a result of Defendant's violations;

    C.    an award of such additional statutory damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

    D.    an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

    E.    an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: July 2, 2021                          Respectfully submitted,

SHAHID B. YUSUF

*/s/ Victor T. Metroff*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
Counsel for Plaintiff
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com